UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES HOLCOMB,

        Plaintiff,

vs.                                  Case No. 2:06-cv-611-FtM-99DNF

COLLIER CIRCUIT COURT, COLLIER
COUNTY FLORIDA,

        Defendant.
_____

JAMES HOLCOMB,

        Plaintiff,

vs.                                  Case No. 2:06-cv-627-FtM-99SPC

COLLIER CIRCUIT COURT, COLLIER
COUNTY, FLORIDA,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on a *sua sponte* jurisdictional review of the "Request for Emergency Writ of habeas Corpus" hereinafter to be referred to as the "Petition, filed in two cases.[1] Also filed was an addition or addendum (Doc. #2) alleging that the minor child is not receiving an education with

---

[1] It would appear that the same document was filed in the Fort Myers Division and the Orlando Division of the Middle District of Florida. The Orlando Division document was transferred to the Fort Myers Division for filing subsequent to the opening of a case here. Therefore, the second case will be terminated and closed as a duplicate case.

disability services. Upon review, the Court finds that it does not have jurisdiction and the case is due to be dismissed.

## I.

The pleadings of a *pro se* litigant are held to a less stringent standard than those drafted by an attorney, and therefore must be liberally construed. Trawinski v. United Techs., 313 F.3d 1295, 1297 (11th Cir. 2002). Construed liberally, plaintiff alleges the following facts: Plaintiff is married to Karen Holcomb and seeks the return of his wife's daughter (his stepchild) allegedly "illegally moved and hidden" in the State of Georgia in or about July 2006. Plaintiff alleges that the Collier County Court gave custody to John Ford, an unrelated ex-stepparent, even though Mrs. Holcomb proved that an English citizen by the name of Mark Bally was the legal father. Plaintiff alleges that Mrs. Holcomb has been prohibited from filing in Collier County Courts due to numerous past filings with regard to custody disputes. Plaintiff alleges that the Collier County Courts have failed to enforce child support owed to Mrs. Holcomb by John Ford. Plaintiff seeks the return of the child to her mother. Attached to the Petition is a marriage certificate of a marriage between Mark Bally and Karen Kalberer-Ford-Holcomb (A-25); a birth certificate for the minor child with no named father (A-26); a certified order from the

Republic of Trinidad and Tobago dissolving the marriage (A-27); and separate miscellaneous attachments.[2]

## II.

As an initial matter, there is no evidence that plaintiff is an attorney admitted to the practice of law. As such, plaintiff may not appear on behalf of anyone other than himself, and therefore cannot assert the interests of his wife or stepdaughter, who are not named as plaintiffs. Additionally, even assuming plaintiff is the "legal stepfather" of the minor child, he is seeking the return of the child to her mother. Plaintiff does not have standing to appear on behalf of the mother, or the child as he is not the appointed guardian or legal representative. Therefore, the Petition will be reviewed as to the interests of the named plaintiff only.

### A.

To the extent that plaintiff asserts rights to the child based on a custody dispute, any such claims clearly fall within the domestic relations exception and are outside the jurisdiction of this Court. See Kirby v. Mellenger, 830 F.2d 176, 177-78 (11th Cir. 1987)("As a general rule, the federal courts refuse to hear suits for 'divorce and alimony, child custody actions, disputes over visitation rights, suits to establish paternity and to obtain child support, and actions to enforce separation or divorce decrees

---

[2]As some of the documents contain sensitive information, the attachments were not scanned into the public record.

still subject to state court modification.'") (citations omitted). Therefore, the Petition will be dismissed for lack of jurisdiction on this basis.

**B.**

The Rooker-Feldman doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). In essence, the Rooker-Feldman doctrine prevents any federal court other than the United States Supreme Court from reviewing the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment if plaintiff had a reasonable opportunity to raise his or her federal claims in the state proceedings. Goodman, 259 F.3d at 1332; Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc); Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1266 n.11 (11th Cir. 2003) (internal citations omitted). A claim is inextricably intertwined with the state court adjudication when federal relief can only be predicted upon a finding that the state court was wrong. Goodman, 259 F.3d at 1332.

Plaintiff is essentially seeking to have the federal court intervene in the state court action to either cause a change of venue or to nullify the state court's award of custody to John

-4-

Ford. Based on the Rooker-Feldman doctrine, this Court has no authority to circumvent the jurisdiction of the state courts. See Staley v. Ledbetter, 837 F.2d 1016, 1018 (11th Cir. 1988)("The district court in this case lacked jurisdiction . . . that in essence sought to reverse a state court's child custody determination."); Liedel v. Juvenile Ct. of Madison County, Ala., 891 F.2d 1542 (11th Cir. 1990). Any arguments or claims that plaintiff could raise were raised or should have been raised in the state court proceedings. Therefore, the Petition will also be dismissed for lack of jurisdiction on this basis.

### C.

The Petition was filed under the guise of a habeas corpus, however:

> Custody proceedings must be distinguished from habeas corpus. The writ of habeas corpus tests the legality of detention by a government official to determine whether it is in violation of the Constitution or laws of the United States. 28 U.S.C. s 2441. Custody proceedings involve determinating which of various persons competing to care for a person has that right.

Johns v. Dep't of Justice of U.S., 653 F.2d 884, 894 n.25 (1981)[3]. Neither plaintiff nor the child are alleged to be in federal custody, therefore the Court finds that the Petition is not properly before the Court as a habeas petition. Additionally, the

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

-5-

United States Supreme Court has clearly stated that 28 U.S.C. § 2254 "does not confer federal-court jurisdiction" for a child custody matter. Lehman v. Lycoming County Children's Servs. Agency, 458 U.S. 502, 516 (1982). Therefore, the Petition will be dismissed for lack of jurisdiction on this basis.

### D.

To the extent that plaintiff asserts that the minor child was kidnapped or removed unlawfully from his custody, the attachment to the Petition is for Title 18 of the United States Code, which addresses criminal acts and penalties. Plaintiff does not have authority to initiate a criminal action in this Court. Only the Department of Justice, through the United States Attorney's Office, is authorized to initiate criminal actions. Therefore, any such claim would be dismissed for lack of jurisdiction.

### E.

To the extent that plaintiff seeks relief with regard to the minor child's education rights, and assuming plaintiff is authorized to speak on behalf of the child, any such claim is separate and distinct from the request for the return of the minor child. Therefore, any claims regarding the child's disabilities or her education must be set forth in a separate and new case and will not be addressed herein.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Request for Emergency Writ of Habeas Corpus is **DISMISSED** for lack of subject-matter jurisdiction. The Clerk shall enter judgment dismissing the case for lack of jurisdiction and close the case.

2. The Clerk is directed to file a copy of this Order in Case Number 2:06-cv-627-FTM-99SPC and close that file as a duplicate case.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of November, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Plaintiff

-7-